[Crim. No. 8472. Second Dist., Div. Three. July 22, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DUFFY R. HAMBLETON, Defendant and Appellant.

Fred De Luca, Jr., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Lawrence R. Tapper, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Following a plea of "not guilty" and trial by jury, the defendant, Duffy R. Hambleton, was convicted of grand theft in that, on August 16, 1961, he obtained a 1961 Chevrolet automobile by false pretense. His motion for new trial was denied and he was granted four years' probation with the first two months in the county jail. On May 31, 1962, defendant appealed from the judgment of conviction and from the order denying his motion for new trial. Pursuant to section 1237 of the Penal Code, as amended in 1961, the appeal from the order denying defendant's motion for new trial is dismissed. The order granting probation is deemed a final judgment within the meaning of the above named section and the appeal is properly taken therefrom.

Defendant's sole contention on appeal is that the conviction of grand theft is without support in the evidence. It is apparent that the defendant would have this court reweigh conflicting evidence, which is for the trier of facts, and not within the province of a reviewing court which determines only whether there were sufficient facts proved to warrant the inference of guilt. (*People* v. *Kemp,* 124 Cal.App.2d 683 [269 P.2d 186].)

To establish the commission of the crime of grand theft sounding in false pretenses, it must be proved that: the defendant made false representations of past events or existing facts, as distinguished from a mere expression of opinion or promise of future action; the representations were made with intent to defraud the owner of his property; and that the owner was actually defrauded in that he parted with his property in reliance upon the false representations. (*People* v. *Jones,* 36 Cal.2d 373 [224 P.2d 353]; *People* v. *Conlon,* 207 Cal.App.2d 86 [24 Cal.Rptr. 219].) The record in the case before us discloses that on August 16, 1961, defendant contracted with Rancho Chevrolet Company to buy a 1961 Chevrolet automobile for $300 down and the balance payable within 36 months. Pursuant to the general business practice of Rancho in credit sales, defendant signed a customer's statement in which he represented that he was working at the time for a finance company at a monthly salary of $535 and $65 per month car allowance. He further stated that his wife was then employed at a monthly salary of $450. Other evidence disclosed that defendant had not received an employment check since March of that year, that his monthly salary as of March was $460, that the sum represented to be his monthly car allowance more closely ap-

proximated his annual allowance for the same, and that his wife had never worked. There was conflicting evidence whether defendant was on a "90 day" or an indefinite leave of absence from the finance company after March. The vice-president of the finance company testified that he had made it clear to the defendant that the leave of absence was for only 90 days. Defendant made no subsequent attempt to return to the employment of the finance company. Approximately 10 days previous to his signing the customer's statement, defendant had applied for unemployment insurance. It is uncontradicted that he obtained the car and had not made any of the payments on the balance.

The intent to defraud can be inferred from all the facts and need not be proved by direct evidence. While it is necessary that the misrepresentations be made knowingly (*People* v. *Conlon, supra,* 207 Cal.App.2d 86 [24 Cal.Rptr. 219]), the evidence was clearly sufficient to prove that element of the offense. The jury's determination of felonious intent based on all the circumstances of the case is conclusive on appeal unless without any substantial support in the evidence. (*People* v. *Kemp, supra,* 124 Cal.App.2d 683.)

It is well established that the false representations must have materially influenced the owner to part with his property, but need not be the sole inducing cause. (*People* v. *Ashley,* 42 Cal.2d 246 [267 P.2d 271].) With respect to the element of reliance by the owner on the misrepresentations in parting with his property, the sales manager for Rancho, who approved the contract of sale, testified that his approval was based in part on the representations contained in the customer's statement and that he believed them to be true. There was no competent evidence to refute this belief. It is obvious that the representations contained in the customer's statement were material. Rancho made no independent check of defendant's credit rating. It is clear that there was ample evidence to prove defendant's guilt of the crime charged.

The judgment is affirmed. The purported appeal from the order denying motion for new trial is dismissed.

Ford, J., and Files, J., concurred.